# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

CASITDEL L. WOOTEN,               )
                                  )
      Petitioner,            )
                                  )
    v.                          )      Case No. 1:19 CV 46 CDP
                                  )
JASON LEWIS,                      )
                                  )
      Respondent.            )

## MEMORANDUM AND ORDER

Petitioner Casitdel L. Wooten moves for the appointment of counsel to assist him in his petition for habeas corpus under 28 U.S.C. § 2254. Petitioner has also filed an Amended Petition in which he raises several new grounds for relief. For the reasons that follow, I will deny petitioner's Motion to Appoint Counsel. However, I construe petitioner's filing as a motion for leave to amend his original petition—which I will grant—and I will further order respondent to show cause why the relief requested in the Amended Petition should not be granted.

### Motion to Appoint Counsel

In deciding whether to appoint counsel for an indigent petitioner, the Court must first assess whether the petitioner has presented a nonfrivolous claim. *Abdullah v. Norris*, 18 F.3d 571 (8th Cir. 1994). If the petitioner has presented a nonfrivolous claim, the Court must determine whether the appointment of counsel

would benefit the petitioner and the Court to such an extent that the "interests of justice so require" it.  18 U.S.C. § 3006A(a)(2); *see also Battle v. Armontrout,* 902 F.2d 701, 702 (8th Cir. 1990).  In making this assessment, the Court should consider relevant factors including the legal and factual complexity of the case, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claims.  *Abdullah*, 18 F.3d at 573; *Battle*, 902 F.2d at 702.

Petitioner has presented nonfrivolous claims that the State failed to establish beyond a reasonable doubt two requisite elements of his felony conviction for kidnapping, and that his trial counsel provided ineffective assistance by failing to object to statements made in the State's closing argument.  However, in consideration of all relevant factors, the interests of justice do not require the appointment of counsel, and so I will deny petitioner's motion.

First, the claims presented are not legally or factually complex; petitioner's first two claims involve narrow questions of statutory construction, and his third claim—ineffective assistance of counsel—is an often-litigated issue with a wealth of relevant precedent to guide petitioner and assist the Court.  Further, the facts at issue are documented in petitioner's trial transcripts and have since been further clarified in his post-conviction proceedings.  Moreover, because petitioner's claims stem from alleged due process violations during his trial, petitioner will not need to investigate any facts not already presented in the trial record.  Finally, petitioner

has already demonstrated an adequate ability to present his claims, as evidenced by his Petition , Amended Petition, and Reply, each of which offer sophisticated, well-written legal arguments supported by citations to relevant state and federal authorities.

Amended Petition

Petitioner filed an Amended Petition on May 23, 2019, which is twenty-one days after respondent filed his response to the original petition. Because petitioner attached the filing to his original petition, I will liberally construe it as a motion for leave to amend his original petition, rather than as an indication that petitioner intended to abandon and/or replace the claims raised in his original petition.

The Amended Petition raises several new grounds for relief which were not addressed in respondent's response to the original petition. Specifically, petitioner's newly-added claims allege that he was denied his right to a speedy trial and the right to an impartial jury; that the State violated his rights by "substituting the original witness and her testimony;" and that he was denied the right to obtain mitigating witnesses or evidence. Petitioner also raises an ineffective assistance of counsel claim against his post-conviction counsel.

In accordance with Rule 5(b) of the Rules Governing § 2254 Cases,[1]

---

[1] Rules Governing § 2254 Cases in the United States District Courts (available at https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings.pdf)

respondent must file a response to address the merits of the newly-added grounds for relief raised in the Amended Petition, including whether any of the claims are barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion for Appointment of Counsel [13] is **denied**.

**IT IS FURTHER ORDERD** that petitioner's Amended Petition [12] is construed as a Motion for Leave to Amend, which is **granted** and the Amended Petition is deemed filed.

**IT IS FURTHER ORDERED** that respondent must show cause, in writing and within forty-five (45) days of this Order, why the relief requested in petitioner's Amended Petition should not be granted.

**IT IS FURTHER ORDERED** that if petitioner chooses to file reply to respondent's response to the Amended Petition, the reply must be filed within sixty (60) days of the date said response is filed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2020.