UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CASITDEL L. WOOTEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:19 CV 46 CDP |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

A jury in a Missouri state court convicted Casitdel Wooten of assault, kidnapping, and forcible rape, and the court sentenced him to thirty-two years of imprisonment in the Missouri Department of Corrections. After exhausting his state remedies, Wooten petitioned this court for habeas relief under 28 U.S.C. § 2254, stating nine grounds for relief in his original and amended petitions. Because his claims are meritless or procedurally defaulted, I will deny his petitions.

### Background

The Missouri Court of Appeals summarized the underlying facts of the case as follows:

> In the early morning hours of July 4, 2010, the sixteen-year-old victim (Victim) began walking to her grandmother's house. A vehicle drove past Victim and then stopped and parked. [Wooten] got out of the

> vehicle and walked toward Victim. [Wooten] asked Victim why she was out so late but she did not answer. Victim tried to walk around [Wooten] but could not because [Wooten] was in her way. [Wooten] then "directed" Victim to his vehicle and she got in the passenger seat. After [Wooten] began driving, Victim tried to get out of the car, but [Wooten] reached over her and grabbed the door so she could not get out. [Wooten] drove with his left hand on the steering wheel while holding Victim with his right hand. [Wooten] told Victim that she "wasn't going anywhere" and that he "was going to teach [her] a lesson" for being out so late. At times, [Wooten] drove the wrong way on one-way streets. [Wooten] eventually drove into an alley and stopped the car. Victim got out of the car, ran a short distance but [Wooten] caught her. Victim screamed for help and [Wooten] told her to shut up or he would kill her. [Wooten] hit Victim with the back of his hand, threw her up on a dumpster and took her onto a parking pad. [Wooten] then raped Victim.

(Resp. Ex J at p. 2). On October 23, 2013, a jury convicted Wooten of kidnapping, assault, and forcible rape, and on December 6, 2013, the court sentenced Wooten to thirty-two consecutive years in prison. Wooten appealed his kidnapping conviction, arguing that it was not supported by sufficient evidence. On March 24, 2015, the Missouri Court of Appeals denied his appeal. Wooten also moved for post-conviction relief, arguing, *inter alia*, that his trial counsel was ineffective for failing to object to the prosecution's characterization of the "substantial period" element of kidnapping in closing argument. On July 24, 2017, the post-conviction motion court denied his claims. On September 11, 2018, the court of appeals affirmed. Wooten then petitioned the Missouri Supreme Court for habeas relief, but it denied his petition on procedural grounds.

Wooten now petitions this court pursuant to 28 U.S.C. § 2254, claiming that he is in custody in violation of the Constitution. In his original petition, Wooten raised three grounds for relief, all of which were previously adjudicated on the merits in state court. Wooten later amended his petition to add several claims that were not properly raised in state court. Construing his petitions liberally, Wooten states the following grounds for relief:[1]

1. There was insufficient evidence to support his kidnapping conviction because the State failed to establish that he used forcible compulsion,

2. There was insufficient evidence to support his kidnapping conviction because the State failed to establish that he acted with the purpose of inflicting physical injury,

3. Trial counsel was ineffective for failing to object to the prosecutor's characterization of the "substantial period" element of kidnapping as subjective to the Victim,

4. He was denied his right to a speedy trial,

5. He was denied his right to an impartial jury,

6. The State "substituted the original witness and her testimony," (ECF 12 p. 2)

7. He was "denied the process to obtain mitigating witnesses or evidence to prepare a proper and vigorous defense against the accuser," (ECF 12 p. 2)

8. His trial counsel was ineffective for "failing to object to the State's methods or gross procedural manipulations," (ECF 12 p. 2)

9. Trial counsel was ineffective for failing to object to the State's use of peremptory strikes to discriminate against male jurors.

---

[1] Grounds 1-3 were raised in Wooten's original petition. (ECF 1). Wooten added Grounds 4-9 in his amended petition (ECF 12).

## Discussion

### A. Grounds Adjudicated in State Court

Grounds 1-3 were denied on the merits in state court. When a claim is adjudicated on the merits in state court, I may not grant a writ of habeas corpus unless

> the adjudication of the claim—
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " *Cullen v. Pinholster*, 563 U.S. 170, 181 (2015) (internal citations omitted).

Under subsection (1), a state court's decision is "contrary to" clearly established Federal law when it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case different than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application of" clearly established Federal law when it "identifies

- 4 -

the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

Under subsection (2), a "state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (quoting 28 U.S.C. § 2254(d)(2)). The petitioner must make this showing by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**1. Insufficiency of the Evidence – Grounds 1 and 2**

Wooten raises two grounds for relief challenging the sufficiency of evidence supporting his kidnapping conviction. In Ground 1, he argues that the State failed to show that he used forcible compulsion to confine his victim. In Ground 2, he argues that the State failed to show that he acted with the purpose of inflicting physical injury. Both of his claims were denied on direct appeal.

For evidence to sufficiently support a conviction, the Fourteenth Amendment Due Process clause requires "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). When reviewing a claim challenging the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id.* When applying this standard, the reviewing court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [the court] must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (internal quotations and citations omitted).

Because I review Wooten's claims in the habeas context, I may grant relief only if the court of appeals' conclusion that the evidence satisfied the *Jackson* standard was both incorrect and unreasonable. *See Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010).

The Court of Appeals rejected both of his claims as follows:

> The standard of review for a court's denial of a motion for judgment of acquittal is whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Smith*, 185 S.W.3d 747, 758 (Mo. App. S.D. 2006). "The court must examine the elements of the crime and consider each in turn; reviewing the evidence in the light most favorable to the judgment, disregarding any contrary evidence, and granting the State all reasonable inferences from the evidence." *Id*. We defer to the superior position of the jury to assess the credibility of witnesses and the weight and value of their testimony." *Id.*

- 6 -

The State bears the burden of proving the factual elements of the charged crime to the trial court. *State v. Abbott*, 412 S.W.3d 923, 927 (Mo. App. S.D. 2013). Section 565.110, RSMo. Cum. Supp. 2010, states that a person commits the crime of kidnapping

> if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of . . .
> (4) Facilitating the commission of any felony or flight thereafter; or
> (5) Inflicting physical injury on or terrorizing the victim or another.

If the kidnapping is committed under subdivisions (4) or (5), the crime is a class B felony. Section 565.110.2. "The gravamen of the crime of kidnapping premised upon confinement, is the increased risk of harm caused to the victim, and the length or duration of confinement is just one factor in determining whether there was an increased risk of harm (i.e., the lengthier the confinement, the greater opportunity there by for an increased risk of harm)." *State v. Sistrunk*, 414 S.W.2d 592, 600 (Mo. App. E.D. 2013). An element of kidnapping is proving that the victim's confinement is by means of forcible compulsion. *State v. Colbert*, 949 S.W.2d 932, 942 (Mo. App. W.D. 1997); *State ex rel. Hines v. Sanders*, 802 S.W.2d 6449, 650–51 (Mo. App. E.D. 1991). "Forcible compulsion" is defined as either "(a) physical force that overcomes reasonable resistance; or (b) a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person[.]" Section 566.061, RSMo. Cum. Supp. 2010. "Physical force is simply force applied to the body. The force involved need not come after the victim has physically resisted. Rather, the force used must be calculated to overcome the victim's resistance." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005) (internal quotations omitted).

> In determining if the force used is sufficient to overcome reasonable resistance, the court does not look to any single fact but to the totality of the circumstances. Among the factors taken into account in considering the totality of the circumstances are whether violence or threats precede the

- 7 -

> [] act; the relative ages of the victim and accused; the atmosphere and setting of the incident; the extent to which the accused was in a position of authority, domination, and control over the victim; and whether the victim was under duress.

*Id*. at 109

. . .

First, we address [Wooten's] point regarding the sufficiency of evidence to prove the element of forcible compulsion. From these facts and circumstances, we find that even Victim's attempt to walk around [Wooten] and his blocking her early in their encounter could be viewed as the physical force that overcomes a teenage girl's reasonable resistance, as well as a threat that places the victim in reasonable fear of death, serious physical injury or kidnapping, which is necessary for a reasonable juror to find [Wooten] guilty of the kidnapping. The additional facts showing that [Wooten] physically held Victim in the car, threatened to keep her there, and threatened that he was going to teach her a lesson further bolster the sufficient evidence of forcible compulsion from which a reasonable juror could find [Wooten] guilty of kidnapping. [Wooten's] first point is denied.

Additionally, [Wooten's] second point argues insufficient evidence of [Wooten] acting with the purpose of inflicting physical injury. An element of kidnapping is proving that the defendant acted with the purpose of "inflicting physical injury on" the victim. Section 565.110. "Physical injury" means "physical pain, illness, or any impairment of physical condition." Section 565.061, RSMo. Cum. Supp. 2010. "It is axiomatic that direct proof of a defendant's intent is rarely available." *State v. Breedlove*, 348 S.W.3d 810, 815 (Mo. App. S.D. 2011). "The trier-of-fact [ ] is permitted to infer a defendant's intent from the surrounding facts or from the act itself." *Id*.

The facts that [Wooten] drove around in a zig-zag route, even driving the wrong way, with one hand on the steering wheel and the other hand holding Victim first demonstrate [Wooten's] lack of concern for Victim's safety. Moreover, he verbally threatened that he was going to teach her a lesson, that she should not be out so late. From this threat,

- 8 -

a reasonable juror could easily infer [Wooten's] intent to physically injure Victim. This inference is solidified by the additional facts that [Wooten] followed through with his threat in throwing Victim on a dumpster, striking her with the back of his hand, and then injuring her by raping her. We find the record shows sufficient evidence from which a reasonable juror could find the element of [Wooten's] intent to inflict physical injury on Victim here. [Wooten's] second point is denied.

(Resp. Exh. E at pp. 2-6).

The factual findings made by the court of appeals are presumed correct, and Wooten has failed to demonstrate otherwise by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The court of appeals correctly applied the *Jackson* standard to these facts and reasonably determined that there was sufficient evidence to support Wooten's kidnapping conviction. Wooten's obstruction of Victim's attempts to walk around him and escape from his vehicle sufficiently support the "forcible compulsion" element. And Wooten's threats to teach Victim a lesson, physical restraint of Victim, and dangerous driving evince his intent to harm Victim and his disregard for her safety. This intent is further substantiated by the fact that he subsequently hit and raped her.

Wooten has not shown that the court of appeals' decision was either contrary to or involved an unreasonable application of clearly established federal law. Nor has he shown that the decision was based on an unreasonable determination of the facts. Grounds 1 and 2 are therefore denied.

### 2. Ineffective Assistance of Counsel – Ground 3

In Ground 3, Wooten argues that his trial counsel was ineffective for failing to object to the prosecutor's characterization of the "substantial period" element of kidnapping in closing arguments.[2]

To show ineffective assistance of counsel, the defendant must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* at 687. That is, counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the defendant must show that his counsel's errors "prejudiced the defense." *Id.* at 687. This means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance of counsel claim has been addressed by the state court, I must give "substantial deference to the state court's predictive

---

[2] The prosecutor told the jury: "The Defendant confined [Victim] for a substantial period. Again that's [Victim]. What does substantial period mean? That is not defined. That is for you all to decide. And frankly, it's subjective. To [Victim] what is a substantial period? Being stuck in that car with him and not being able to get out for a number of blocks. That's [a] substantial period." (Resp. Exh. A at p. 574).

judgment." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012). Thus, on habeas review, it is not sufficient for Wooten to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance[.]" *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "So long as the state court's decision was not 'contrary to' clearly established law," Wooten must now show that "the state court's determination under the *Strickland* standard is unreasonable[.]" *Williams,* 695 F.3d at 831. "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.' " *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

Here, Wooten claims that the prosecutor mischaracterized the "substantial period" element of kidnapping as a subjective one—that is, dependent on Victim's perception of whether she was confined for a substantial period. Wooten argues that the standard is not dependent on Victim's perceptions, and there is a reasonable probability that the outcome of the trial would have been different if his counsel had objected to the comments.

The post-conviction motion court rejected his claim as follows:

> Ineffectiveness of counsel is rarely found in cases where trial counsel has failed to object. Failure to object constitutes ineffectiveness only when a substantial deprivation of the right to a fair trial is involved. *Johnson v. State*, 330 S.W.3d 132, 139 (Mo.App.W.D. 2010). Failure to object does not rise to the level of ineffective assistance of counsel unless movant has suffered a substantial deprivation of the right to a fair trial. *Williams v. State*, 783 S.W.2d 457 (Mo.App. 1990); *Chambers v. State*, 781 S.W.2d 116, 118 (Mo.App. 1989). Further, counsel is not

- 11 -

> ineffective for failing to make meritless objections. *Middleton v. State*, 103 S.W.3d 726, 741 (Mo.banc 2003); *Cole v. State*, 302 S.W.3d 812, 819 (Mo.App.E.D. 2010). Failure to object during closing argument is more likely a function of trial strategy than of error. *State v. Carson*, 883 S.W.2d 534, 536 (Mo.App.E.D. 1994); *State v. Boyd*, 844 S.W.2d 524, 529 (Mo.App. 1992).
>
> The Court finds that Movant's first allegation is without merit. Movant was charged with the felony of kidnapping, for unlawfully confining [Victim] without her consent, for a substantial period, for the purpose of inflicting injury on [Victim]. Movant relies on *State v. Sistrunk* to support his argument that the term "substantial period", found in Section 565.100 RSMo., is an objective standard. *State v. Sistrunk* does not support Movant's argument. The Court in *Sistrunk* noted that "substantial period" is not defined in the statute and that no Missouri court has expressly addressed the length of time a victim must be confined in order for there to [be] a submissible case of kidnapping pursuant to Section 565.100. The *Sistrunk* Court declined to draw a bright-line rule as to the length or duration of confinement necessary, noting that the statute does not so require. The Court further stated that the basis of the crime of kidnapping premised on confinement, is the increased risk of harm caused to the victim and that the length or duration of confinement is just one factor in determining whether there was an increased risk of harm. Determination of whether a victim's confinement was for a "substantial period" is necessarily connected to whether the confinement increased the risk of harm to the victim. The facts in the instant case clearly support all the requirements of kidnapping.  Further, no substantial deprivation of the right to a fair trial resulted from failure to make this objection. Finally, there is no reasonable probability that the outcome of the trial would have been different even if this argument had not been made at trial.  As stated, demonstrating that the alleged error had some conceivable effect on the outcome of the trial is not sufficient.  [*Strong v. State*, 263 S.W.3d 636, 647 (Mo.banc 2008)]. There was significant evidence of Movant's guilt of all the crimes with which he was charged including that he was guilty of kidnapping.

(Resp. Exh. G pp. 51-52).  Referring to evidence that Wooten drove on several

streets, drove the wrong way on one-way streets, grabbed the door when Victim

tried to get out of the car, told Victim she wasn't going anywhere, and held Victim with his right hand while he drove with his left, the court of appeals determined that the motion court did not err in finding that Wooten was not prejudiced by the prosecutor's comments. (Resp. Exh. J p. 5).

The state courts' rejection of Wooten's claim was reasonable. " '[S]ubstantial period' is not defined in [§ 565.100], and no Missouri court has expressly addressed the length of time a victim must be confined[.]" *Sistrunk*, 414. S.W.3d at 600 (citing *State v. Keller*, 856 S.W.2d 928, 930 n.5 (Mo.App.S.D. 1993)).  Instead, "determination of whether a victim's confinement was for a 'substantial period' is necessarily connected to whether the confinement increased the risk of harm to the victim." *Id*.  And, as noted by the motion court and court of appeals, there was compelling evidence that Wooten's confinement of Victim increased her risk of harm.[3]

Wooten has not shown that the state court's decision was either contrary to or involved an unreasonable application of clearly established law.  Nor has he shown that the decision was based on an unreasonable determination of the facts.  Ground 3 is therefore denied.

---

[3] Elsewhere in his petition, Wooten appears to admit that he confined Victim for a substantial period when he asks, "did the period of time [Victim] was driven by [Wooten] for a number of blocks increase the risk of harm not normally present in the commission of the subsequent rape and assault? The answer: yes. . . . [The State] made a sufficient case for 'substantial period. . ..' " (ECF 12 pp. 10-11).

### B. Procedurally Defaulted Claims

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

1. **Trial Court Errors - Grounds 4-7**

In Grounds 4-7, Wooten claims that he was denied his right to a speedy trial, he was denied his right to an impartial jury, the State violated his rights by "substituting the original witness and her testimony," and he was "denied the process to obtain mitigating witnesses or evidence to prepare a proper and vigorous defense against his accuser." (ECF 12 p. 2).

Under Missouri law, claims of trial court error must be raised on direct appeal. *Middleton v. State*, 103 S.W.3d 726, 740 (Mo.banc 2003); *Ham v. State*, 7

S.W.3d 433, 440 (Mo. Ct. App. 1999). Because Wooten did not raise these claims on direct appeal, they are defaulted. Wooten does not argue that there is cause for his default, nor that failure to consider his claims will result in a fundamental miscarriage of justice. He also fails provide any factual support for his claims. *See* Rules Governing § 2254 Cases, Rule 2(c)(2) ("The petition must: . . . state the facts supporting each ground.").

To the extent Grounds 4 and 5 are similar to claims raised in his state habeas petition, the Missouri Supreme Court denied his petition on procedural grounds without addressing the merits of the claims. This independent and adequate state ground upon which the state court denied relief erects a procedural bar to federal habeas review. *See Byrd v. Delo*, 942 F.2d 1226, 1232 (8th Cir. 1991). Because Wooten fails to show cause and prejudice or demonstrate a fundamental miscarriage of justice, I am barred from reviewing the claims.

Therefore, Grounds 4-7 are denied.

2. **Ineffective Assistance of Counsel – Grounds 8 and 9**

In Ground 8, Wooten argues that his trial counsel was ineffective for failing to present any mitigating evidence and to "object to the State's methods or the gross unfair procedural manipulations against his client." (ECF 12 at p. 2). In Ground 9, Wooten argues that his trial counsel was ineffective for failing to challenge the State's use of peremptory strikes to favor women in the jury pool.

- 15 -

Wooten failed to raise either claim in his motion for post-conviction relief. Under Missouri law, a motion for post-conviction relief is the exclusive procedure by which a person convicted of a felony after trial may raise claims of ineffective assistance of counsel. Mo. Sup. Ct. R. 29.15(a). His claims are therefore procedurally defaulted. Construing his claims liberally, Wooten asserts that ineffective assistance of counsel at his post-conviction proceedings caused his default because post-conviction counsel should have raised both claims in his motion for post-conviction relief.

In *Martinez v. Ryan*, the Supreme Court recognized that, "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective assistance claim . . . where appointed counsel in the initial-review collateral proceedings, where the claim should have been raised, was ineffective under the standards of [*Strickland*]." 566 U.S. 1, 14 (2012). To show cause under this theory, the petitioner must demonstrate that his underlying claim of ineffective assistance of trial counsel is a "substantial one," that is, it has some merit. *Id.* If the underlying claim is unsubstantial or non-meritorious, the petitioner cannot establish that post-conviction counsel was ineffective and thus cannot show cause for default of the underlying claim. *Id.* at 15-16.

Wooten fails to establish cause for his default of either of his claims under this theory because he does not show that his underlying claims of ineffective assistance of trial counsel are meritorious. In Ground 8, Wooten fails to adequately allege that his trial counsel was ineffective under *Strickland*. *Strickland* requires the claimant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" and show that these errors prejudiced his defense. 466 U.S. at 690. Here, Wooten argues that his counsel failed to present mitigating evidence or "object to the State's methods or the gross unfair procedural manipulations" against him, but he does not identify what mitigating evidence his counsel could have presented nor the "gross unfair procedural manipulations" his counsel should have objected to.[4] Moreover, Wooten does not allege that he was prejudiced by his counsel's failures. Because Wooten does not specify his counsel's deficient performance nor allege prejudice, he has not shown that his underlying claim is substantial. Therefore, his post-conviction counsel was not ineffective for failing to bring the claim. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (counsel not ineffective for failing to raise meritless challenge).

---

[4] To the extent that Wooten intends to refer to Grounds 4-7 by "gross unfair procedural manipulations," Wooten does not allege facts sufficient to support those claims either.

Wooten does not establish cause for default of Ground 9 either.  As stated above, he claims that his trial counsel was ineffective for failing to challenge the State's use of peremptory strikes to favor women in the jury pool.  He argues that he was prejudiced by his counsel's failure to object to this discrimination because female jurors possibly showed animus against a man accused of rape.  However, Wooten cannot show that he was prejudiced by his trial counsel's failure because he has not shown that any objection would have been successful.

At the time Wooten's conviction became final, the law was clearly established that the Equal Protection Clause of the United States forbids the State from using its peremptory challenges to strike potential jurors solely on account of their gender.  *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 141-42 (1994).  *See also Batson v. Kentucky*, 476 U.S. 79, 89 (1986).  The party alleging such discrimination must first make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike.  *J.E.B.*, 511 U.S. at 144-45.  Here, Wooten does not identify which peremptory strikes were the result of discrimination, nor does he explain how any individual strike was motivated by discriminatory reasons.  Because Wooten does not identify which jurors were struck solely on account of their gender, nor make a prima facie showing of discrimination, he fails to show that any challenge to the State's use of peremptory strikes would have been successful.  Moreover, as stated

by the motion court, there was overwhelming evidence of Wooten's guilt.  Thus, there is not a reasonable probability that the gender of the jurors affected the outcome of the trial.  Wooten has not shown that his underlying claim of ineffective assistance of counsel is substantial, so his post-conviction counsel was not ineffective for failing to raise his claim in post-conviction proceedings.

Because Wooten has not established that his post-conviction counsel was ineffective for failing to raise Grounds 8 and 9, he has not established cause for his default of those claims.  I am therefore barred from reviewing them.  I will deny Grounds 8 and 9.

### C. Certificate of Appealability

Wooten has failed to make a substantial showing that he was denied a federal constitutional right.  *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997) (for substantial showing, issues must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).  I will therefore not issue a Certificate of Appealability on any of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Casitdel Wooten's original and amended petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1, 12] are denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2022.